Turner, /., dissenting: Section 101 (7) of the Internal Revenue Code exempts business leagues from tax, but at no place in the code is a business league defined. We do have, however, the benefit of regulations promulgated by the Commissioner of Internal Revenue which, from the earliest revenue act exempting business leagues, have remained unchanged. Under the regulations the league must be an association of persons having common business interests and the purpose of the league must be the promotion of such common interest. It must not, however, “engage in a regular business of a kind ordinarily carried on for profit.” Another feature is that its activities are to be directed to the general improvement of business in the particular field and not to “the performance of particular services for individual persons.” It is not sufficient that it is conducted on a cooperative basis or that it produces only sufficient income to be self-sustaining. See art. 101 (7)-l, Regulations 101 (1938 Act) ; sec. 19.101 (7)-l, Regulations 103 (Internal Revenue Code) ; sec. 29.101 (7)-l, Regulations 111 (Internal Revenue Code). In my opinion, petitioner in the instant case does not meet the test of the statute and the regulations. Certainly, there can be no question that all of its activities are not directed to the improvement of business conditions generally in the shoe finders field “as distinguished from the performance of particular services for individual persons.” The operation of the credit bureau and the collection agency, does not, in my opinion, meet the latter test, and if, as provided in the regulations, exemption does not follow merely because the organization is conducted on a cooperative basis and produces only sufficient income to be self-sustaining, so should it follow that exemption is not to be allowed where a part of the functioning of the association is not only of a kind ordinarily carried on for profit, but is in the performance of particular services for individual persons, even though other functions and activities may be within the spirit of the statute and the regulations. Exemption from a general taxing statute is not lightly to be allowed and anyone claiming exemption must meet the tests of the statute. In the instant case, the petitioner meets the requirements only in part, and in my view of the law that is not enough. I accordingly note my dissent. Van FossaN, Murdock, and Leech, JJ., agree with this dissent.